AO (Rev. 5/85) Criminal Complaint

# UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

vs.

ROSARIO CAROLINA QUIEJ-ABAC

**CRIMINAL COMPLAINT**

CASE NUMBER: 3:17-mj- 1164 - JBT

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about May 9, 2017, in the Middle District of Florida, the defendant,

> a citizen of Guatemala and an alien in the United States, was found unlawfully present in the United States without first having obtained the consent of the Attorney General or the Secretary of Homeland Security for the United States to apply for admission to or re-enter the United States after having been deported and removed from the United States on or about December 29, 2014,

in violation of Title 8, United States Code, Section 1326. I further state that I am a Border Patrol Agent for the Department of Homeland Security, Customs and Border Protection, United States Border Patrol, and that this Complaint is based on the following facts:

SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof: ☒ Yes ☐ No

Signature of Complainant
Gregory T. McConnell

Sworn to before me and subscribed in my presence,

May 23, 2017 at Jacksonville, Florida

JOEL B. TOOMEY
United States Magistrate Judge
Name & Title of Judicial Officer

Signature of Judicial Officer

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINTS

I, Gregory T. McConnell, being a duly sworn and appointed Border Patrol Agent for the Department of Homeland Security, Customs and Border Protection, United States Border Patrol, hereby make the following statement.

1. Your affiant is a Border Patrol Agent for the United States Border Patrol and has been so employed for nineteen years. Your affiant has training and experience in the enforcement of the immigration and nationality laws of the United States. In addition, your affiant has training and experience in the preparation, presentation, and service of criminal complaints and arrest warrants.

2. The statements contained in this affidavit are based on your affiant's personal experience and observations as well as the experiences and observations of fellow Border Patrol agents as they have described them to me. This affidavit does not contain every fact regarding the investigation but sets forth sufficient facts to establish probable cause that on May 9, 2017, ROSARIO CAROLINA QUIEJ-ABAC and GUIDMAN VICENTE-PEREZ, who are citizens of Guatemala, were unlawfully present in the United States after a prior deportation or removal, in violation of Title 8, United States Code, Section 1326.

3. From training and experience, your affiant knows that criminal alien smuggling operations transport illegal aliens unlawfully in the United States from the border with Mexico to staging cities in California, Arizona, New Mexico, and Texas. After they arrive in these cities, alien smugglers load the illegal aliens into vehicles and transport them to large metropolitan areas in the United States to look for better

job opportunities. Your affiant knows that once the smuggled illegal aliens are in country, transportation loads originate within these cities in the United States to move illegal aliens around the country. The smuggled illegal aliens are primarily from Mexico, Guatemala, Honduras, and El Salvador. Smuggling cartels operating in Florida are usually owned by Cuban and Mexican nationals and are operated from foreign countries and within the United States. The smuggling cartels primarily use Hispanic males from Mexico, Cuba, or the United States to drive the smuggling vehicles because they speak Spanish and are familiar with Latin American customs and cultures. Interstate 10 ("I-10") is a corridor often used by illegal alien smugglers because it is a major highway that crosses the southern part of the United States.

4. On the early afternoon of May 9, 2017, your affiant responded to a request for assistance from Florida Highway Patrol Trooper Keith Slanker. Trooper Slanker told your affiant that he had stopped a 2017 Toyota Camry bearing a Texas license plate on I-10 eastbound near Lake City, Florida, for moving violations including excessive speed. Trooper Slanker said that he had initially suspected the vehicle may be transporting narcotics and he requested K-9 assistance. An FHP K-9 was walked around the car, but did not alert to the presence of any narcotics.

5. After Trooper Slanker stopped the car he noticed that the driver, later identified Leonardo Garcia-Lavin, and two rear-seat passengers, later identified as VICENTE-PEREZ and QUIEJ-ABAC, did not speak English fluently. Trooper Slanker also noticed that the two passengers appeared very nervous. In addition, Garcia-Lavin claimed that he did not know the passengers' names. Based on his

training and experience, Trooper Slanker suspected that Garcia-Lavin was transporting illegal aliens and contacted Jacksonville Border Patrol Agents. Trooper Slanker continued writing citations until your affiant arrived on scene.

6. At about 12:45 p.m., your affiant, with Supervisory Border Patrol Agent Luis Nunez-Diaz, met Trooper Slanker on I-10 near mile marker 291. Your affiant and Agent Nunez-Diaz identified themselves and interviewed the three occupants of the car. QUIEJ-ABAC and VICENTE-PEREZ stated that they were in the United States illegally and that they did not have documents in their possession to establish that they were legally present in the United States. They also said that they were from Guatemala and that they had recently crossed the border between the United States and Mexico. Garcia-Lavin stated that he was a Cuban citizen and a lawful permanent resident. Your affiant and Agent Nunez-Diaz placed all three subjects under administrative arrest and transported them to the Jacksonville Border Patrol Station for processing.

7. During administrative processing, Border Patrol Agents John Reid and Angel Lopez interviewed VICENTE-PEREZ and QUIEJ-ABAC. The agents related to your affiant the substance of the statements by VICENTE-PEREZ and QUIEJ-ABAC and they also prepared a report describing those statements, which your affiant has reviewed. Before the interview, the agents advised VICENTE-PEREZ and QUIEJ-ABAC of their constitutional rights in Spanish and they stated that they understood those rights and agreed to be interviewed without an attorney present.

8. During the interview, VICENTE-PEREZ stated that he is a citizen Guatemala and that he illegally entered the United States on May 3, 2017, near Laredo, Texas. He stated that he met Garcia-Lavin on May 8, 2017, after an unidentified associate made arrangements to have VICENTE-PEREZ transported from Houston, Texas, to Jupiter, Florida. VICENTE-PEREZ said his associate had made arrangements to pay for his transport to Florida. He stated that after his illegal entry near Laredo, Texas, he traveled by train to San Antonio, Texas. He and his friends then were offered a ride to Houston, Texas, where he met Garcia-Lavin on May 8, 2017.

9. During the interview, QUIEJ-ABAC stated that she is a citizen of Guatemala and that she illegally entered the United States on January 15, 2017, near Rio Grande City, Texas. QUIEJ-ABAC said that after her illegal entry a smuggler transported her to San Antonio, Texas, and then on to a house in Houston, Texas. She was kept at the Houston house for three months until friends and family paid off her smuggling debt of $8,000 to an unidentified smuggler in Guatemala. She said that her friends and family then made arrangements with the smuggler last week to have her transported from Houston, Texas, to Jupiter, Florida. QUIEJ-ABAC stated that she thought the driver, Garcia-Lavin, was being paid to transport her from the $8,000 fee her family and friends had paid the main smuggler.

10. During administrative processing, your affiant entered VICENTE-PEREZ's fingerprints into a biometric identification system that compared VICENTE-PEREZ's fingerprints with the fingerprints of individuals who had been entered into

the database after having been encountered by immigration authorities. The system returned a match and reflected that VICENTE-PEREZ is a citizen of Guatemala who had been previously encountered and that he had been ordered removed from the United States on February 24, 2017, and had subsequently been removed on March 3, 2017.

11. Your affiant reviewed immigration documents for VICENTE-PEREZ, which reflected that he had been apprehended by Laredo Border Patrol Agents on February 24, 2017, and had been processed for expedited removal. The records also confirmed that VICENTE-PEREZ had been removed from the United States to Guatemala on March 3, 2017. The records further reflected that VICENTE-PEREZ was never granted permission to re-enter the United States legally.

12. During administrative processing, your affiant entered QUIEJ-ABAC's fingerprints into a biometric identification system that compared QUIEJ-ABAC's fingerprints with the fingerprints of individuals who had been entered into the database after having been encountered by immigration authorities. The system returned a match and reflected that QUIEJ-ABAC is a citizen of Guatemala who had been previously encountered and that she had been ordered removed from the United States on December 22, 2014, and had subsequently been removed on December 29, 2014.

13. Your affiant reviewed immigration documents for QUIEJ-ABAC, which reflected that she had been apprehended by Rio Grande City Border Patrol Agents on December 22, 2014, and had been processed for expedited removal. The

records also confirmed that QUIEJ-ABAC had been removed from the United States to Guatemala on December 29, 2014. The records further reflected that QUIEJ-ABAC was never granted permission to re-enter the United States legally.

14. On May 19, 2017, your affiant advised Assistant United States Attorney Arnold B. Corsmeier of the above facts and he authorized criminal prosecution of VICENTE-PEREZ and QUIEJ-ABAC for being unlawfully present in the United States after a prior deportation or removal.

15. Based on the foregoing, your affiant believes that there is probable cause to establish that on May 9, 2017, GUIDMAN VICENTE-PEREZ and ROSARIO CAROLINA QUIEJ-ABAC, who are citizens of Guatemala, were unlawfully present in the United States without first having obtained the consent of the Attorney General or the Secretary of Homeland Security for the United States to apply for admission to or re-enter the United States after having been deported or removed from the United States, in violation of Title 8, United States Code, Section 1326.

Gregory T. McConnell
Border Patrol Agent
United States Border Patrol
Jacksonville, Florida